[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14484
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 5, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00010-CR-4-SPM-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LEMAR LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 5, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Antonio Lemar Lewis appeals his convictions for possession of a firearm by

a convicted felon, in violation of 18 U.S.C. § 922(g), possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

At issue in this case is whether the district court properly struck a prospective juror for cause. After review, we conclude that the district court did not abuse its discretion.

During *voir dire*, Dianne Streid informed the court that she had problems with the length of the pretrial delay and her possible inability to impose a mandatory sentence if she thought it was too extreme. The district court explained to Streid that there were many reasons why the trial could be delayed and that was not her concern and that the jury had no involvement in sentencing. The district court asked whether, based on her knowledge of mandatory sentencing, she could find Lewis guilty, and Streid responded "I don't know what the law states at this point." The district court reiterated that the juror's function was not to sentence, and Streid responded, "[s]o I'm better off not knowing. It's just sometimes – ." The district court responded, "I didn't say that. I want to make sure that the function of the jury and judge is separate." Streid answered "I understand keeping it separate is important."

Defense counsel asked Streid whether she could be fair and impartial and

2

base her verdict only on the evidence, and Streid responded "[y]es, I can, as long as I'm not – and I am not aware of what the mandatory – what the law states as far as – that's your job. So I'm – ignorance is bliss."

The government moved to strike Streid for cause. Over Lewis's objections, the district court struck Streid, commenting, "[e]ven though she did not come right out and say it, I think she's troubled by the nature of this case, about the potential sentence, for whatever reason by the length of time it took to come to trial." Lewis was convicted and sentenced to 137 months' imprisonment. This appeal followed.

Lewis argues that the district court abused its discretion by striking Streid for cause because the government failed to establish her bias. Lewis argues that Streid's final statements that she could be fair removed any doubts regarding her impartiality, and he contends that it is possible to rehabilitate a juror with an expressed bias, as in *United States v. Rhodes*, 177 F.3d 963 (11th Cir. 1999) (holding that despite initial statements indicating possible bias, further examination established that the juror could be impartial, and the district court's refusal to strike the juror for cause thus was not an abuse of discretion).

We review the district court's decision to strike a prospective juror for cause for an abuse of discretion. *United States v. Brown*, 441 F.3d 1330, 1356 (11th Cir. 2006). The constitutional standard for whether a prospective juror can be impartial

3

is whether she can set her personal opinions aside and render a verdict based solely on the evidence. *United States v. Simmons*, 961 F.2d 183, 184 (11th Cir. 1992). "In particular, when reviewing juror impartiality, this court has focused on whether (1) the juror may be affected by matters not in evidence, and (2) the juror may presume guilt rather than innocence." *United States v. Dickerson*, 248 F.3d 1036, 1045 (11th Cir. 2001). Because it is not always clear from the record that a prospective juror is unmistakably biased, we must give deference to the district court's determination whether or not the juror will be able to faithfully apply the law because the district court had the opportunity to see and hear the juror. *Brown*, 441 F.3d at 1357. There are few aspects of a jury trial where we are less inclined to reverse a district court's exercise of discretion than with regard to ruling on challenges for cause. *United States v. Tegzes*, 715 F.2d 505, 509 (11th Cir. 1983).

We conclude that the district court properly removed Streid for cause. When questioned during *voir dire*, Streid indicated that she had concerns about the length of time it took the case to go to trial and the possible sentence Lewis could face. Although she stated that she could be impartial, her responses made it clear that she was affected by the possible punishment and that this could influence her role as a juror. The district court was in the best position to evaluate Streid's responses, and we cannot say that it abused its discretion by finding that her statements

4

indicated that her ability to be impartial was questionable.  Accordingly, we affirm

Lewis's convictions.

**AFFIRMED.**